LÓPEZ, RECURRENTE, v. EL REGISTRADOR DE AGUADILLA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Aguadilla, sobre denegatoria de inscripción de una escritura de compraventa.

No. 220.—Resuelto en marzo 18, 1915.

Resuelto en reconsideración en abril 26, 1915.

COMPRAVENTA—SUCESIÓN—ESCRITURA DE RATIFICACIÓN DE VENTA OTORGADA SIN LA INTERVENCIÓN DE ¡UN HEREDERO.—Siendo casado Juan Dionisio Iturrino y Rivera con Micaela Rivera y Ríos, vendió a Víctor Martínez y Martínez por documento privado, un predio de terreno perteneciente a la sociedad conyugal con varias casas en él enclavadas. Fallecidos los esposos Iturrino-Rivera, les sucedieron Camila Teresa de Jesús Iturrino, heredera de ambos y Blanca Teresa Arias y Rivera, heredera únicamente de la Micaela Rivera y Ríos, habida en su primer matrimonio. Fallecido Víctor Martínez y Martínez le sobrevivió, heredándole, Víctor Primo Martínez y González. Teniendo el carácter de gananciales el terreno y casa en cuestión eran Camila Teresa de Jesús Iturrino y Blanca Teresa Arias y Rivera las llamadas como componentes de las sucesiones de Dionisio Iturrino y de Micaela Rivera y Ríos, a otorgar la escritura de ratificación de venta de los predichos bienes a favor de Víctor Primo Martínez y González, pues interviniendo sólo una de ellas, ambas sucesiones no estarían debidamente representadas en dicho acto.

ID.—ESCRITURA DE RATIFICACIÓN DE VENTA OTORGADA SIN LA INTERVENCIÓN DE TODOS LOS HEREDEROS—INSCRIPCIÓN.—De acuerdo con la anterior doctrina, procede con razón derecha un registrador que se niega a inscribir una escritura de ratificación de venta que no ha sido otorgada por todos los interesados en la cosa vendida.

ID.—AUTORIZACIÓN JUDICIAL.—El hecho de que una corte de distrito haya autorizado primero a la madre y luego al tutor de una de las herederas para que en representación de ésta otorgara la escritura de ratificación de venta no puede tener otro alcance legal que el que tales autorizaciones revelan, o sea el complemento de la capacidad de la menor heredera para el otorgamiento de la escritura en la parte que a ella interesa, sin negar el derecho que pueda asistir a cualquier otro interesado.

### RECONSIDERACIÓN DE RESOLUCIÓN.

RECONSIDERACIÓN DE RESOLUCIÓN—CUESTIONES LEGALES YA RESUELTAS—DEBATES JUDICIALES.—No cabe en mociones de reconsideración sustituir cuestiones legales ya resueltas negativamente por otras nuevas en busca de éxito favorable, pues así nunca tendrían término los debates judiciales.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Carlos Franco Soto.*

El Registrador Sr. Rafael Tirado Verrier compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública No. 113 de 7 de octubre de 1914 ante el Notario Alfredo Blasco Pagán, la menor Camila Teresa de Jesús Iturrino y Rivera, asistida de su esposo Félix López y Arce y de su tutor Dionisio Mateo López y Arce, ratificó a favor de Víctor Primo Martínez y González como heredero éste de su difunto padre Víctor Martínez y Martínez, contrato de venta de cuatro cuerdas de terreno con varias casas en ellas radicadas, que Juan Dionisio Iturrino y Rivera, padre de aquella menor, había hecho al Víctor Martínez y Martínez por documento privado de 1º. de marzo de 1912, en virtud del cual el comprador se obligó a entregar al vendedor el precio convenido de $3,000 con el interés del 12 por ciento anual cuando el documento privado se elevara a escritura pública en 30 de agosto del expresado año, cuyo término fué prorrogado después hasta el mes de agosto de 1913.

Presentada en el Registro de la Propiedad de Aguadilla para su inscripción la escritura de que se deja hecho mérito, el registrador la denegó por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento porque teniendo según el registro, carácter de gananciales las fincas que por él se agrupan, como adquiridas por Don Juan Dionisio Iturrino y Rivera, constante en matrimonio con Doña Micaela Rivera y Ríos, fallecidos éstos, debe ser otorgada la escritura de ratificación de venta de que trata, por todos los interesados en la herencia de dichos consortes; y no aparecer del documento que haya consentido en dicha ratificación Doña Blanca Teresa Arias y Rivera habida en su primer matrimonio por Doña Micaela Rivera y Ríos, y por tanto heredera de ésta; y tomada anotación preventiva que ordena la ley por el término legal a favor de Don Víctor Primo Martínez y González, al folio 79 del tomo 32 de San Sebastián, finca número 1811, anotación letra "A"; con el defecto subsanable, de no expresarse la equivalencia de la cabida de la finca agrupada, al sistema métrico decimal; practicándose dicha anotación, con vista de una copia certificada de la escritura de testamento del Señor Iturrino y Rivera, número noventa y seis, otorgada en la ciudad de San Juan de Puerto Rico con fecha cuatro de julio de mil novecientos doce ante el Notario Don José E. Benedicto; de otra de testamento de la Señora Rivera y Ríos número trescientos nueve, otorgada en el pueblo de San Sebastián con fecha trece de noviembre de mil novecientos dos ante el Notario Don Juan Mercader y Rodríguez; de cinco certificaciones expedidas por el secretario de la corte de distrito de esta ciudad Don Telesforo Cabán con fecha cuatro, diez y nueve de mayo, veinte y tres de junio, ocho de agosto de mil novecientos catorce, y quince de enero del corriente año, sobre autorización judicial, sus ampliaciones y transferencias y nombramiento del tutor; del acta de matrimonio del Señor Iturrino y Rivera y de la Señora Rivera y Ríos; de las partidas de defunción del Señor Iturrino y Rivera y de la Señora Rivera y Ríos; del recibo de contribución de herencia de esta última y de un escrito. Aguadilla, 11 de febrero de 1915. El Registrador. Rafael Tirado Verrier."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por el tutor de la menor, Dionisio Mateo López Arce.

De la escritura de 7 de octubre, 1914, y de los documentos mencionados en la nota recurrida resultan los siguientes hechos:

*Primero.* Que estando casado Juan Dionisio Iturrino y Rivera con Micaela Rivera y Ríos vendió a Víctor Martínez y Martínez por documento privado de 1º. de marzo de 1912 el predio de terreno con varias casas de que se deja hecho mérito.

*Segundo.* Que Víctor Martínez y Martínez falleció en agosto de 1912 dejando como heredero a su hijo Víctor Primo Martínez y González, y Juan Dionisio Iturrino y Rivera falleció en octubre, 1913, sobreviviéndole su esposa Micaela Rivera y Ríos y la hija de ambos Camila Teresa de Jesús Iturrino y Rivera, sin que hubiera llegado a elevarse a escritura pública la venta convenida en documento privado ni a satisfacerse el precio convenido.

*Tercero.* Que la Corte de Distrito de Aguadilla por resolución de 1º de mayo de 1914 otorgó a la viuda Micaela Rivera y Ríos la correspondiente autorización judicial para que a nombre de su hija Camila Teresa de Jesús Iturrino y Rivera, ratificara a favor de Víctor P. Martínez y González la venta de que se deja hecho mérito, recibiendo el precio convenido de $3,000, el cual había de ingresar en el Banco Comercial de Aguadilla ínterin se practicaban las operaciones del caudal hereditario, relicto al fallecimiento de Juan Dionisio Iturrino.

*Cuarto.* Que habiendo fallecido Micaela Rivera y Ríos bajo testamento en el cual nombraba por únicas y universales herederas a sus hijas Blanca Teresa Arias y Rivera habida en su primer matrimonio con Gervasio Arias y Fernández, y a Camila Teresa de Jesús Iturrino y Rivera habida en su segundo matrimonio con Iturrino sin que hubiera hecho uso de la autorización judicial concedida por resolución de 1º. de mayo de 1914, la Corte de Distrito de Aguadilla por resolución de 11 de agosto de 1914 concedió autorización a Dionisio Mateo López y Arce, tutor de Camila Teresa de

Jesús, para que a nombre de ésta otorgara a favor de Víctor P. Martínez y González la escritura pública de compraventa del terreno y casas a que se refiere el documento privado de 1º. de marzo de 1912, recibiendo dicho tutor los $3,000 precio de la venta, los cuales ingresaría en la sucursal del Banco Comercial en Aguadilla para darles la inversión ordenada en la escritura de operaciones divisorias del caudal relicto por Juan Dionisio Iturrino aprobadas definitivamente por la expresada corte.

Los hechos expuestos nos llevan a la conclusión legal de que el Registrador de la Propiedad de Aguadilla procedió con razón derecha al denegar la inscripción solicitada.

No se discute en el presente recurso si el terreno y casa de que se trata merecen o nó el concepto de gananciales adquiridos por Juan Dionisio Iturrino durante su matrimonio con Micaela Rivera y Ríos. El registrador les ha dado esa calificación, y ésta no ha sido impugnada por la parte recurrente.

La cuestión legal a resolver es si siendo dicho terreno y casa bienes gananciales, ha debido intervenir en la escritura de ratificación de venta de 7 de octubre de 1914, Blanca Teresa Arias y Rivera, según sostiene el registrador en la nota recurrida, contra la opinión de la parte recurrente fundada en las resoluciones de la Corte de Distrito de Aguadilla de 1º. de mayo y 11 de agosto de 1914, y en el hecho consignado en la segunda de dichas resoluciones de que al solicitar el tutor Dionisio Mateo López y Arce la autorización para otorgar a nombre de la menor Camila Teresa de Jesús la escritura pública de venta, interesó además que los $1,853.27 adjudicados a Micaela Rivera Ríos del precio de la venta fueran depositados a la disposición de los herederos o causahabientes de la Micaela de acuerdo con las operaciones divisorias del haber mortuorio de Juan Dionisio Iturrino y Rivera que se acompañaron a dicha solicitud.

Estamos conformes con el registrador.

Siendo gananciales el terreno y casas en cuestión, los consortes Juan Dionisio Iturrino y Micaela Rivera y Ríos

eran los llamados a otorgar a favor de Víctor P. Martínez y González la escritura de venta. Muerto Iturrino, debían otorgar ese documento la viuda Micaela Rivera y la hija Camila Teresa de Jesús Iturrino, la primera como partícipe en la sociedad de gananciales, y ambas como componentes de la sucesión de Iturrino. Muerta la viuda, los llamados a suceder a ésta en sus derechos y por tanto a intervenir en la escritura, son sus hijas Blanca Teresa Arias y Rivera y Camila Teresa de Jesús Iturrino, nombradas herederas por la misma en su testamento. Si sólo interviniera una de ellas, la sucesión no estaría debidamente representada.

No importan al caso las resoluciones dictadas por la Corte de Distrito de Aguadilla autorizando primero a la madre y luego al tutor para que en representación de Camila Teresa de Jesús Iturrino otorgaran la escritura de venta, ni que en las operaciones divisorias de Juan Dionisio Iturrino dejaran de incluirse el terreno y casas de que se trata y fuera adjudicado únicamente a los partícipes el precio de $3,000. Las resoluciones expresadas no pueden tener otro alcance legal que el que ellas mismas revelan, o sea el complemento de la capacidad de la menor Camila Teresa de Jesús Iturrino para el otorgamiento de la escritura de que se trata en la parte que a ella interesa, sin negar el derecho que pueda asistir a cualquier otra heredera. La adjudicación de parte del precio del terreno y casas a la viuda Micaela Rivera, en cantidad de $1,853.27, muestra claramente que no solamente la hija del segundo matrimonio, sino también la del primero, son partes interesadas en el otorgamiento de la escritura de venta del terreno y casas, de cuya venta procede aquella cantidad.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.

HABIÉNDOSE presentado con posterioridad una moción de reconsideración de sentencia el Tribunal dictó la siguiente resolución:

POR CUANTO la resolución de esta Corte Suprema de 18 de marzo último de que se pide reconsideración se funda en el hecho consignado en la nota recurrida de ser bienes gananciales los terrenos y casas a que se refiere la escritura cuya inscripción fué denegada por el Registrador de Aguadilla.

POR CUANTO la calificación de bienes gananciales no fué impugnada por el recurrente en su alegato escrito al solicitar la revocación de la expresada nota como así se hizo constar en la opinión en que se apoya la resolución de 18 de marzo, bajo las siguientes palabras:

"No se discute en el presente recurso si el terreno y casas de que se trata merecen o no el concepto de gananciales adquiridos por Juan Dionisio Iturrino durante su matrimonio con Micaela Rivera y Ríos. El registrador les ha dado esa calificación, y ésta no ha sido impugnada por la parte recurrente."

POR CUANTO en la moción de reconsideración se impugna hoy la calificación antedicha llamándola error capitalísimo cometido por el registrador, y se presenta prueba tendente a sostener la impugnación.

POR CUANTO no cabe en mociones de reconsideración sustituir cuestiones legales ya resueltas negativamente por otras nuevas en busca de éxito favorable, pues así nunca tendrían término los debates judiciales.

SE DESESTIMA la moción de reconsideración de 14 de abril corriente.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro, Aldrey y Hutchison.